

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann

~~XXXXXXXXXXXXXXXXXX~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Eugene Brady
County Attorney
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. 0-3498
Re: Newspaper advertisements request-
ing bids on county supplies.

Your request for an opinion of this department h.s been received. We
set out below the facts and question presented.

"Article 1659 provides for bids for materials to be purchased by the County.
Such Article provides: 'That the County Auditor shall advertise for a period
of two weeks in at least one daily newspaper published and circulated in the
county, for such supplies and materials according to specifications giving
in detail what is needed.'

"Under the terms of this Statute, is it necessary for the County Auditor to
advertise only once each week for a period of two weeks, or is it necessary
to advertise daily for a period of two weeks prior to the acceptance of
bids?"

The applicable portion of Article 1659, Revised Civil Statutes, is as
follows:

"Supplies of every kind, road and bridge material, or any other material, for
the use of said county must be purchased on competitive bids . . . The coun-
ty auditor shall advertise for a period of two weeks in at least one daily
newspaper, published and circulated in the county for supplies and material
. . ." (Emphasis ours)

In Acts of 1905, 29th Legislature, Senate Bill No. 258, Page 381, pro-
vision is made for the appointment of county auditors and prescribes their
duties. Section 17 of that Act concerns the purchase of county supplies.
We quote therefrom:

"It shall be the duty of the county auditor to advertise for a period of two
weeks in at least one daily newspaper published and circulated in the county
for such supplies and material . . ." (Emphasis ours)

In the Revised Civil Statutes of 1911, Article 1480 employed the same language. The 37th Legislature amended Article 1480, Revised Civil Statutes of 1911, in 1921. However, that particular portion of the law which concerns us here was unchanged. Acts 1921, 37th Legislature, Senate Bill No. 144, Chapter 95, Page 185.

Thus, we see by a review of its legislative history that our present day Article 1659, has remained a constant and unchanged factor insofar as the advertising clause contained therein is involved. This is important, for it reveals an unusual consistency in the expression of legislative intent. Consequently, we have given, as we must, particular attention to the words and phrases used by the Legislature. The conclusion is inescapable. It is our opinion that the required advertisement must be inserted <u>daily</u> in a newspaper meeting the statutory specifications.

If this department held that the statute contemplated only one insertion per week over a two week period, we would be presuming that the Legislature had acted in an arbitrary and highly discriminatory manner by favoring daily newspapers over those published weekly. We are not entitled, under the law, to make that presumption.

We feel that this fully answers your inquiry.

                                        Yours very truly


                                ATTORNEY GENERAL OF TEXAS

                                By /s/ Wm. J. Fanning

GW:RS:egw

APPROVED NOV 26, 1941                        Wm. J. Fanning
/s/ GROVER SELLERS                             Assistant
FIRST ASSISTANT
ATTORNEY GENERAL

                                By /s/ Grundy Williams

APPROVED:                                  Grundy Williams
Opinion Committee
By BWB Chairman